CASE NO.: 3:26-cv-348

STEVEN E. HINDMAN,

     Plaintiff(s),

v.

UNITED SERVICES AUTOMOBILE
ASSOCIATION,

     Defendant.

_____/

## COMPLAINT

COME NOW Plaintiff STEVEN E. HINDMAN (hereinafter "Plaintiff"), by and through the undersigned counsel, and sues Defendant UNITED SERVICES AUTOMOBILE ASSOCIATION (hereinafter "Defendant" or "USAA"), and allege the following:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff (a citizen of North Carolina) and Defendant (a reciprocal insurance exchange organized under the laws of Texas with its principal place of business in San Antonio, Texas), and the amount in controversy exceeds $75,000, exclusive of interest and costs, particularly when trebled under North Carolina's Unfair and Deceptive Trade Practices Act.

2. Venue is proper in the Western District of North Carolina, Charlotte Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the

claims occurred in this District, specifically in Union County, North Carolina (part of the Charlotte metropolitan area), where the insured property is located.

## GENERAL ALLEGATIONS

3.     At all times relevant hereto, Plaintiff was the owner of the property located at 420 Hunters Point Drive, Indian Trail, NC 28079 (hereafter "Property").

4.     In consideration of premiums paid by Plaintiff, Defendant issued Plaintiff a valid, binding, and enforceable policy of insurance bearing policy number 00068279991A (hereafter "Policy"), that insured the Property. A true and correct copy of the Policy is incorporated herein by reference.

5.     On or about November 6, 2025, the Property suffered direct physical loss and damage as a result of a covered plumbing failure (shower-pan leak in the master bathroom), causing water migration into the master bathroom, adjacent bedroom, closet, and related areas.

6.     Plaintiff timely reported the loss to Defendant and submitted Claim No. 000682799-800.

7.     On November 11, 2025, Plaintiff's plumber, Happi Plumbing, performed a shower-pan test that immediately recreated an active leak when water was sprayed along the tile wall corner, confirming a discrete failure in the shower waterproofing assembly.

8.     Plaintiff promptly retained mitigation contractor Palm Build, which performed emergency water mitigation and contents pack-out. Palm Build issued invoices totaling $10,335.30 (mitigation) and $6,270.20 (pack-out).

9.     Plaintiff's public adjuster, Palm Partners, prepared a detailed reconstruction estimate dated December 5, 2025, for the necessary repairs and formally demanded full payment in the amount of $27,812.49 RCV.

10.     Plaintiff has since completed the repairs to the Property. Carolina Signature Custom Homes LLC performed the repairs consistent with the Palm Partners reconstruction estimate dated

December 5, 2025, at a total cost of $16,256.00. USAA was notified of the completion of the repairs and the final repair costs prior to the filing of this lawsuit.

11. Defendant issued a Reservation of Rights on November 25, 2025, and a full denial on December 24, 2025, claiming the loss was excluded as "constant or repeated seepage," "wear and tear," and "fungi/wet or dry rot," despite conceding that the source of the leak was not in dispute.

12. On January 26, 2026, Plaintiff retained undersigned counsel, who transmitted a signed Letter of Representation directing all future communications exclusively through counsel.

13. On or about April 2, 2026, counsel sent a formal supplemental demand letter enclosing the Happi Plumbing report, Palm Build invoices, and Palm Partners estimate, and demanding payment under the covered accidental discharge peril and the tear-out/access exception.

14. In response, Defendant reiterated its full denial and stated that its coverage decision was based in part on "photos submitted and the members' testimony." Defendant has since produced only contractor-submitted photos and has refused to produce the insured's recorded statement or the complete claim file, claiming both are "work product."

15. All conditions precedent to recovery under the Policy have been satisfied by Plaintiff or otherwise waived by Defendant.

## COUNT I
### Breach of Contract (Claim Number: 000682799-800)

16. Plaintiff reincorporates Paragraphs one (1) through fifteen (15) as if fully set forth herein.

17. The Policy is a valid and enforceable contract between Plaintiff and Defendant that provides coverage for direct physical loss to the Property, including the plumbing failure and resulting water damage, as well as reasonable mitigation expenses and tear-out/access costs incurred to repair the system.

18. Plaintiff performed all conditions precedent under the Policy.

19. Defendant breached the Policy by failing to pay the full amount owed for the covered loss, including failing to adequately adjust and pay the mitigation invoice ($10,335.30), pack-out invoice ($6,270.20), and the completed repair costs of ($16,256.00).

20. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, plus interest, costs, and attorneys' fees.

**COUNT II**
**Unfair and Deceptive Trade Practices (N.C. Gen. Stat. 75-1.1)**

21. Plaintiff reincorporates Paragraphs one (1) through twenty (20) as if fully set forth herein.

22. Defendant's handling of Plaintiff's claim constitutes unfair and deceptive acts or practices in or affecting commerce in violation of N.C. Gen. Stat. § 75-1.1, including, but not limited to, the following practices made unlawful under N.C. Gen. Stat. § 58-63-15(11), which are per se violations of § 75-1.1:

a. **Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue**, including misrepresenting the applicability and scope of the constant-or-repeated seepage exclusion, the wear-and-tear exclusion, and the $5,000 Additional Coverage for fungi/wet or dry rot; misrepresenting the nature and duration of the loss as "long-term" despite the Happi Plumbing test that immediately recreated an active leak; and misrepresenting the basis for denial while relying on photographs and a recorded statement that Defendant has refused to produce;

b. **Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies**, in that Defendant failed to provide any substantive response to counsel's detailed supplemental demand

letter of April 2, 2026, or to counsel's April 15, 2026 demand for the photographs, recorded statement, and complete (non-privileged) claim file, instead merely reiterating its denial and withholding critical evidence;

c. **Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies**, in that Defendant had no reasonable basis to determine that the constant-or-repeated seepage exclusion applied given the Happi Plumbing test demonstrating a sudden, discrete failure; took a recorded statement from the insured during the ordinary course of the claims investigation (prior to any attorney involvement) but later asserted work-product protection over that same statement, thereby admitting that it anticipated litigation at the time the statement was taken; used the recorded statement as one of the primary bases for denying coverage while simultaneously refusing to produce it or its transcript; and thereby employed the statement as a litigation tool with pretextual and leading questions designed to manufacture support for the exclusions rather than to conduct a good-faith investigation of the claim. This conduct deprived Plaintiff of any meaningful ability to respond to the very evidence USAA relied upon to deny the claim.

23. These actions were not the result of an honest disagreement or innocent mistake but involved aggravating circumstances that demonstrate bad faith.

24. As a direct and proximate result of Defendant's unfair and deceptive trade practices, Plaintiff has suffered actual injury and is entitled to treble damages pursuant to N.C. Gen. Stat. § 75-16 and attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1.

**WHEREFORE,** Plaintiff STEVEN E. HINDMAN demands judgment against Defendant UNITED SERVICES AUTOMOBILE ASSOCIATION for all insurance benefits due and owing, with interest on overdue payments, costs pursuant to N.C. Gen. Stat. § 7A-305, attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1, treble damages pursuant to N.C. Gen. Stat. § 75-16, and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Dated: May 1, 2026

Respectfully submitted,

/s/ Nicholas Ciani
Nicholas Ciani, Esq.
Bar No.: 63512
Attorney for Plaintiffs
Ciani Law, PLLC
1529 NE 17th Terr.
Fort Lauderdale, FL 33304
Email: manager@ciani.law
Tel: (954) 654-4445